Judge Robertson
delivered the opinion of the Court.
Cop® sued Arberry for fraud in assigning to him a note for $140, on Fenwick and Triplett, whom he knew to be insolvent, but falsely represented to be solvent.
Arberry plead, not guilty.
On the trial, Cope offered to prove by witnesses, that Arberry had acknowledged that the insolvency of Fenwick and Triplett was known to him, when he assigned the note on them to Cope, and that he told Cope that they were good; but the court would, not permit this testimony to be given.
Cope also made affidavit that he had, with due diligence, prosecuted the obligors to insolvency, and offered as evidence, a certifiéd copy of the suit, and all the proceedings therein, before and after judgment; but the court would not suffer the record to be read.
The jury, consequently, found a verdict for Ar-berry.
' Both the parol evidence and the record, which were offered, were competent for some purposes, and *297 therefore, admissible. A suit may be maintained as well for a fraud in the sale of a note, as in that of any other thing or commodity. The fraud consists making false representations, knowing that they are false, or in suppressing the truth, which it -is the duty of an honest man to disclose ; and it may be proved by the same species of testimony in every case. If the obligee in a promissory note, knowing the insolvency of the obligors, assign the note for a valuable consideration* without disclosing what he knows, or if he falsely represent the obligors tó be solvent, he is guilty of a fraud, for which he may be instantly sued. The plaintiff, in such a case, would be required to prove the sale of the note, the insolvency of the obligors and the fraudulent misrepresentation or suppression by the defendant. To prove that the defendant had acknowledged that he has been guilty of the fraud, would certainly be the most direct evidence of which such a fact is susceptible. It is not necessary to prove the insolvency, by record. In such a case it may be proved as any other fact. When a suit is brought by an assignee against his assignor, on the assumpsit implied by the assignment, the insolvency must, generally, be proved by the record of a suit prosecuted with strict diligence by the assignee against the obligor; because the undertaking of the assignor is construed to be, that he will restore to the assignee the consideration, if, by a prompt and faithful prosecution of the legal remedies, he shall be unable to enforce the payment of the note. But when a suit is brought, not on the contract, but for fraud, It is not necessary to prove that any suit was ever instituted on the note. The assignee is not bound to sue on the note. The fraud is committed in the assignment. It is then complete, and at that instant, the injured party may maintain a suit for reparation; and in such a suit, we know^no species of evidence which would be better or stronger than that which was offered by Cope, and rejected by the court. The confessions of Arberry might alone have been sufficient. But the record also, was admissible to corroborate the other evidence, offered to show the inseb vency of Fenwick and Triplett.
Suppression assigning note, is fraud, and
Assignee not bound to sue entit°ee’hira te recover for fraud,
Assignment must bepro-ved. j1 liter, where assignment is foundation of action.
The record, however was not the best evidence, in this suit, of the assignment. The plea of not guilty* imposed on the plaintiff the burthen of proving every thing necessary to show that he had a good cause of action. It was necessary that he should prove, not only the insolvency and the scienter, but the as* signmeut.
In a suit for fraud in selling ahorse, on the general issue, the plaintiff must prove the sale of the horse, as well as the fraud. By a parity of reason, the assignment, in making which the fraud is alleged to have been committed in this case, must be proved before the defendant can be found guilty on the issue.
If this Suit had be'en Broughton the contract of assignment, instead of being brought for the fraud, it would not have been necessary for the plaintiff to prove the assignment, unless the defendant had denied or impeached it, by plea on oath. By an act of 1812, I. Digest, 99, it is provided, that it shall not be necessary, in a suit on an assignment, to aver any consideration for it, and that the defendant shall not deny the assignment, unless he do so by plea, on oath. By an act of 1801, no writing, on which a suit is pending, can be impeached, except by special plea on oath. ■Hence it has been decided, by .^this court, that in a suit oh an assignment, it is not necessary to prove .the assignment, unless the defendant shall have impeached it by special plea, according to the act of 1801. See Dodge et al. vs. The Bank of Kentucky, II. Marsh. 610; M’Gee vs. Doniphan, II. Littell’s Reports, 139; and Scott vs. Cleaveland, III. Monroe, 62. In Dorr vs. Sebree, X. Wheaton, 558, the supreme court of the Union has very clearly intimated an opinion differing from that which has been so repeatedly expressed by this court. We are, however, inclined to consider the doctrine established by this court, as the law of the state, especially, as the acts of 1801 and 1812, clearly sustain it, if a suit, “ex contractu,” by an assignee against his assignor, be admitted to be founded on the assignment. It may be said, that, if the assignment be the foundation of the action, the form of the suit'shouid be covenant, and not, as it generally is, assumpsit. But long practice, sanctioned by this *299 court, has established assumpsit,- as the more usual, if not the only proper action. The reason for this apparent anomaly, may be, that the assignment tains no direct promise or covenant, and that it may not be considered an executory contract. Whether this be a sufficient reason, or whether assumpsit may be the most suitable form of suit, cannot materially affect the question of evidence; because,, whether the covenant in an assignment be express or impliedj the contract of assignment is the basis of a suit, “e« contractu,” by an assignee against an assig.nor; and,, therefore, it would seem that the written evidence of assignment could not be disputed, nor its production required, unless it had been impeached, directly, by plea. -
,Al)y writing mUat be proved.
But when a writing, of any kind,, is- introduced collaterally, it must be proved. And then the original being the best evidence, must be shown, unless its non-production can be legally accounted for.
In this case, the contract of assignment is not the foundation of the action. The fact of assignment, not being admitted by the issue, must be proved: It was not necessary for the defendant to deny or impeach it by plea, because the suit was not brought, upon it.
Doubtless, one of the objects, apd perhaps the chief object of Cope, in offering the record, was to prove the note and assignment upon it. And as he had not averred in his declaration that he had prosecuted a suit, he made affidavit of the fact, for the purpose of introducing the record. It was decided by this court, in the case of Moore’s executors vs. Paul, II. Bibb, 330, on the authority of Wrymore’s case, V. Coke, 74 b, 75 a, that it was unnecessary to make proferí of a writing, which was filed in another suit; and consequently, that the original need, not be produced.
As profert is not necessary in any case; it might be doubted, whether a copy of a note, on which suithad-been brought, in another court, could be admitted as-evidence in any case, in which it would be.necessary to introduce the noté, unless it had been “impounded” by an issue of non est factum, or filed in such a *300 manner, that the party could have no exclusive right to the original.
Turner, for plaintiff
In this case, it does not appear that there was any plea to the suit on the note,, or that the note was ever filed, or otherwise disposed of in such a manner, as to place the original out of Cope’s power. And, consequently, no reason exists for permitting a copy to be read as evidence.
But Cope might have had the original note, and Arberry’s assignment, in his pocket, when this suit was tried in the circuit court; and might, perhaps, have introduced them, if the court had not excluded the parol evidence and the record, which were necessary to prove the insolvency and fraud; and without one or both of which species of evidence, especially the parol; it would be impossible to recover, It would seem, from the record, that the court did not reject the proffered parol evidence, because the note and assignment had not been first shown, but only because it was the opinion of the court, that the record would be the best evidence of the insolvency, and, therefore, the witnesses would be incompetent; and that it rejected the record, supposing that it was offered solely to prove the note and assignment, and that, therefore, it would be incompetent. We would not, however, admit that a court should nonsuit a plaintiff for failing to introduce his testimony in the precise order which the court would deem most regular. If the court reject competent evidence, the judgment will be reversed, although other evidence than that rejected, might be necessary (and which it would have been more expedient for the party to have offered first in order,) unless it shall appear that the party cannot produce it.
J udgment reversed, and cause remanded for a new trial, and proceedings according to this opinion,